J-S39022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE SMITH | : | |
| | : | |
| Appellant | : | No. 536 WDA 2024 |

Appeal from the PCRA Order Entered April 19, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000033-2003

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: December 3, 2024**

Willie Smith appeals *pro se* from the order denying his untimely third petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and procedural history may be summarized as follows:  Smith was charged after fatally shooting the victim in the head.  On June 21, 2004, a jury convicted him of first-degree murder and, on September 3, 2004, Smith was sentenced to life in prison.  Smith appealed.  On November 23, 2005, this Court affirmed his judgment of sentence.  ***Commonwealth v. Smith***, 890 A.2d 1106 (Pa. Super. 2005) (non-precedential decision).  Smith did not file a petition for allowance of appeal.

On May 24, 2006, Smith filed a timely *pro se* PCRA petition and the PCRA court appointed counsel.  PCRA counsel filed an amended petition, and

the PCRA court held an evidentiary hearing. By order entered December 26, 2006, the PCRA court denied post-conviction relief. Smith appealed, and new counsel was appointed.

Thereafter, PCRA counsel filed a motion to withdraw in this Court and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After review, this Court agreed with counsel that several issues lacked merit. However, we disagreed with counsel's assessment of Smith's claims involving trial counsel's failure to request an instruction on intoxication/intent, as well as trial counsel's failure to challenge the racial discrimination that allegedly occurred when choosing a jury. Finding these claims to be of arguable merit, this Court vacated the order denying post-conviction relief and denied PCRA counsel's petition to withdraw. We then remanded the case with the directive that Smith be permitted to amend his petition, and, if necessary, permitted the PCRA court to hold another evidentiary hearing. Because Smith had raised claims that PCRA counsel was ineffective, we also directed the PCRA court to appoint new counsel. **Commonwealth v. Smith**, 951 A.2d 1217 (Pa. Super. 2008) (non-precedential decision).

Pursuant to this Court's directive, Smith filed his second amended PCRA petition on June 19, 2008. The PCRA court held an evidentiary hearing at which both Smith and trial counsel testified. By order entered November 14, 2008, the PCRA court denied Smith's amended petition. Smith appealed. On

June 3, 2009, this Court affirmed. *Commonwealth v. Smith*, 981 A.2d 322 (Pa. Super. 2009) (non-precedential decision).

On December 10, 2009, Smith filed his second *pro se* PCRA petition. The PCRA court appointed new counsel and the PCRA court held an evidentiary hearing. By order entered April 23, 2012, the PCRA court denied Smith's second petition. Smith appealed. On July 9, 2013, we affirmed the order denying post-conviction relief because the second petition was untimely filed and Smith did not plead and prove an exception to the PCRA's time bar. *Commonwealth v. Smith*, 82 A.3d 1060 (Pa. Super. 2013) (non-precedential decision).

Over thirteen years later, on October 4, 2023, Smith filed the PCRA petition at issue, his third. The PCRA court appointed counsel. On February 29, 2024, PCRA counsel filed a petition to withdraw and a *Turner*/*Finley* letter. On March 5, 2024, the PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Smith's third petition without a hearing. Smith filed a response. By order entered April 19, 2024, the PCRA court dismissed Smith's petition as untimely filed. This appeal followed. Both Smith and the PCRA court have complied with Pa.R.A.P. 1925.

Smith has raised five substantive issues. *See* Smith's Brief at 3 (unnumbered).[1] Before addressing these claims, we must first determine whether the PCRA correctly concluded that Smith's third PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the

---

[1] Although Smith asserts that "appointed counsel was ineffective during trial and on appeals", he provides no argument. Nonetheless, we note that Smith was not entitled to the appointment of counsel for his second and third PCRA petitions. ***See Commonwealth v. Shaw***, 217 A.3d 265 n.3 (explaining once appointed counsel is permitted to withdraw following the filing of a no-merit letter, the PCRA petitioner is not entitled to another attorney). Additionally, we note that the Commonwealth did not file a brief.

lower court are waived and cannot be raised for the first time on appeal).

Moreover, a PCRA petition invoking one of these statutory exceptions must be

filed within one year of the date the claim could have been presented. 42

Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and

proven an exception, "neither this Court nor the [PCRA] court has jurisdiction

over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." ***Commonwealth v.***

***Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Smith's judgment of sentence became final on December 23,

2005, thirty days after the time for filing a petition for allowance of appeal

expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Smith had until

December 26, 2006, to file a timely petition.[2] Because Smith filed the petition

at issue in October 2023, it is patently untimely unless he has satisfied his

burden of pleading and proving that one of the enumerated exceptions

applies. ***See Hernandez***, ***supra***.

Smith has failed to prove and plead a time-bar exception. Although he

asserts in his brief that he meets the governmental interference exception, he

did not raise this exception in his third PCRA petition. ***Burton***, ***supra***. Rather,

_____

[2] Because the last day of the one-year period fell on a Saturday, Smith had until the following business day to file a timely petition. ***See generally***, 1 Pa.C.S.A. § 1908.

- 5 -

he raised his claim regarding the Commonwealth's suppression of evidence under the newly-discovered fact exception. Because Smith raised the government interference exception for the first time on appeal, his claim is waived. Even if not waived, it is meritless.

Although a **Brady** violation might fall within the governmental interference exception to the PCRA's time bar, the statute nevertheless requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. **Commonwealth v. Williams**, 105 A.3d 1234 (Pa. Super. 2014).

> Here, Smith asserts:
>
> [Smith] was according to police reports driving his vehicle from the crime scene[.] [T]here was no mention of DUI nor was there any tests for blood alcohol concentration (BAC) within two hours after the individual has driven, operated, or [been] in actual physical control of the movement of a [vehicle]. The prosecutor's office and police had no significant interest in obtaining evidence of [Smith's] (BAC) as they [sought] to suppress this information of [Smith's] drugged and intoxicated condition during the New [Year's] celebration party!"

Smith's Brief at 5 (citations omitted).

Smith was never charged with driving under the influence. It appears that Smith's argument is not that the Commonwealth suppressed any exculpatory evidence, but rather, purposely did not take tests which may have supported an intoxication/intent defense. Clearly, this claim does not meet

the PCRA time-bar exception found at Section 9545(b)(1)(i).  Thus, the PCRA court correctly denied Smith's third petition, and we affirm its order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/3/2024